Filed 2/22/22  P. v. Burns CA2/2
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B308077 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA348603) |
| v. | |
| DONVAY LaMARR BURNS, | **OPINION ON REMAND** |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Frederick N. Wapner, Judge.  Reversed and remanded with directions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pitney, Assistant Attorney General, Jonathan J. Kline and Kristen J. Inberg, Deputy Attorneys General, for Plaintiff and Respondent.

_____

The trial court denied the Penal Code section 1170.95[1] petition filed by Donvay LaMarr Burns (appellant) to vacate the voluntary manslaughter conviction entered against him pursuant to a plea agreement. On appeal, he claimed that the trial court erred when it followed *People v. Cervantes* (2020) 44 Cal.App.5th 884, 886 (*Cervantes*) and ruled that he was ineligible for relief because the statute applies to murder convictions but not voluntary manslaughter convictions based on no contest pleas. Alternatively, he contended that section 1170.95 violates equal protection (U.S. Const., 14th Amend., Cal. Const., art. I, § 7) and substantive due process.

We affirmed in our prior opinion issued on October 12, 2021, because the operative version of section 1170.95, by its express terms, did not apply to manslaughter convictions. On December 22, 2021, our Supreme Court granted appellant's petition for review and transferred the matter back to us with directions to vacate our decision and reconsider the cause based on changes to the law after section 1170.95 was amended effective January 1, 2022, by Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551). That amendment makes section 1170.95 applicable to manslaughter convictions that were entered pursuant to plea agreements.

We reverse and remand to the trial court with directions to conduct a new prima facie review hearing under section 1170.95, subdivision (c).

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

**FACTS**

Appellant was charged with multiple crimes, including murder (§ 187) and assault with a firearm (§ 245, subd. (a)(2)), in an amended information containing various enhancement allegations.[2]  On May 3, 2012, appellant pleaded no contest to voluntary manslaughter (§ 192, subd. (a)) and assault with a firearm.  He admitted gang allegations (§ 186.22, subd. (b)(1)(C)) and gun allegations (§ 12022.5, subd. (a)).  The trial court sentenced him to an aggregate determinate prison term of 25 years, and an additional concurrent prison term of three years.

On April 29, 2019, appellant filed his petition for resentencing.  At the prima facie review hearing under section 1170.95, subdivision (c), appellant's counsel argued that the Legislature intended for a defendant to be eligible for relief if he was facing a murder charge based on the natural and probable consequences theory and then pleaded guilty to voluntary manslaughter in lieu of trial.  The trial court disagreed based on *Cervantes* and denied the petition.

This appeal followed.

**DISCUSSION**

As amended by Senate Bill No. 775, section 1170.95,[3] subdivision (a) provides that a "person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which is imputed to a person based solely on that person's participation in a crime, attempted murder

---

[2]     In the original petition, he was charged with committing murder with a codefendant.

[3]     Section 1170.95 was added by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, § 4).

under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint or information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of murder, attempted murder or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder. [¶] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)-(3), bolding omitted.)

Section 1170.95, subdivision (c) provides: "Within 60 days after service of a petition that meets the requirements set forth in subdivision (b), the prosecutor shall file and serve a response. The petitioner may file and serve a reply within 30 days after the prosecutor's response is served. . . . After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines

4

to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so."

As amended, section 1170.95 applies to voluntary manslaughter convictions entered after a defendant accepted a plea offer in lieu of trial.  The amended version of section 1170.95 supersedes *Cervantes*, which held "that section 1170.95 applies only to murder convictions[.]"  (*Cervantes*, *supra*, 44 Cal.App.5th at p. 886.)  As a consequence, the trial court's reason for denying appellant's petition at the prima facie review stage of the inquiry no longer supports the denial order and appellant is entitled to another hearing.

## DISPOSITION

The order denying appellant's section 1170.95 petition is reversed.  The matter is remanded with directions to the trial court to conduct another prima facie review hearing pursuant to section 1170.95, subdivision (c).

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
ASHMANN-GERST

We concur:


_____, P. J.
LUI


_____, J.
CHAVEZ


5